**22SL-CC05353**

Electronically Filed - St Louis County - December 22, 2022 - 04:21 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **NELSON BROWN,** | ) | |
| | ) | **Cause No.:** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Division:** |
| | ) | |
| **MERIDIAN MEDICAL** | ) | |
| **TECHNOLOGIES, INC.,** | ) | |
| *Registered Agent:* | ) | **JURY TRIAL DEMANDED** |
| *C T Corporation System* | ) | |
| *120 S. Central Ave., Ste. 400* | ) | |
| *Clayton, MO 63105* | ) | |
| | ) | |
| **Defendant.** | ) | |

**PETITION FOR DAMAGES**

COMES NOW Plaintiff Nelson Brown, by and through his undersigned counsel, and for his Petition for Damages against Meridian Medical Technologies, Inc. ("Meridian"), states as follows:

**NATURE OF ACTION**

1.      This action is brought pursuant to the Missouri Human Rights Act, RSMo. §§ 213.010, *et seq.* ("MHRA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.* ("Title VII") and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA") to redress Plaintiff Nelson Brown's claims of race, color, and age discrimination.

2.      Plaintiff has satisfied all administrative prerequisites to suit.

3.      On or about March 3, 2021, Mr. Brown filed an administrative Charge of Discrimination ("COD") with the Equal Employment Opportunity Commission (the "EEOC"), Charge # 560-2021-01130, and requested that it be dually filed with the Missouri Commission

Electronically Filed - St Louis County - December 22, 2022 - 04:21 PM

on Human Rights (the "MCHR").

4.      On or about September 26, 2022, the EEOC issued a Notice of Right to Sue. A true and accurate copy of the September 26, 2022, Notice of Right to Sue is attached hereto, incorporated herein by reference, and marked as Exhibit A.

5.      This Petition is timely filed within ninety (90) days of the issuance of the September 26, 2022, Notice of Right to Sue, as well as within two (2) years of the date of the last act of discrimination, being December 23, 2020.

## JURISDICTION AND VENUE

6.      Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

7.      Defendant Meridian Medical Technologies, Inc. ("Meridian") principal place of business is in Howard County, State of Maryland located at 6350 Stevens Forest Road, Suite 301, Columbia, MD 21046.

8.      Defendant Meridian is registered with the Office of the Missouri Secretary of State as a Foreign For-Profit Business.

9.      Defendant Meridian conducts extensive business in Saint Louis County, State of Missouri, including maintaining two separate manufacturing facilities.

10.     The Court has jurisdiction over this action because conduct alleged throughout this Petition and giving rise to Plaintiff's causes of action occurred in Saint Louis County, State of Missouri.

11.     Venue is proper in Saint Louis County, State of Missouri, pursuant to § 508.010(4) RSMo. and § 213.111(1) RSMo.

Electronically Filed - St Louis County - December 22, 2022 - 04:21 PM

## PARTIES

12.　　Plaintiff, Nelson Brown (sometimes hereafter referred to as "Plaintiff" or "Mr. Brown"), is a 62-Year-Old African-American Male who is employed by Defendant Meridian as a Production Mechanic at Defendant's Brentwood campus. Mr. Brown has been employed by Meridian from on or about June 1979 through the present.

13.　　Defendant MERIDIAN is a manufacturing company which develops and produces a variety of auto-injector delivery devices for emergency medical needs, and which is incorporated under the Laws of the State of Maryland.

14.　　Defendant Meridian further operates manufacturing plants in Saint Louis County, State of Missouri located at 1945 Craig Road, Maryland Heights, MO 63146 in Saint Louis County, State of Missouri; as well as one located at 8030 Litzsinger Road, Brentwood, MO 63144 in Saint Louis County, State of Missouri.

15.　　At all pertinent times hereto, Defendant Meridian, was an "employer" as defined by § 213.010(7) RSMo. (1998) for all actions herein, in that Defendant Meridian employs six (6) persons or more in the State of Missouri, is incorporated, organized, and existing under the laws of the State of Maryland which is registered as a Foreign For-Profit Business doing business in Saint Louis County, Missouri, and may be served by and through its Registered Agent, C T Corporation System, located at 120 South Central Avenue, Suite 400, Clayton, Missouri 63105.

16.　　At all pertinent times hereto, Defendant Meridian, was an "employer" as defined by Title VII of the Civil Rights Act of 1964, as amended, for all actions herein, in that Defendant Meridian employs fifteen (15) persons or more in the State of Missouri, is a For Profit Business incorporated, organized, and existing under the laws of the State of Maryland which is registered as a Foreign For Profit Business doing business in Saint Louis County, Missouri, and may be

Electronically Filed - St Louis County - December 22, 2022 - 04:21 PM

served by and through its Registered Agent, C T Corporation System, located at 120 South Central Avenue, Suite 400, Clayton, Missouri 63105.

17.     At all pertinent times hereto, Defendant Meridian, was an "employer" as defined by the Age Discrimination in Employment Act ("ADEA") of 1967, as amended, for all actions herein, in that Defendant Meridian employs twenty (20) persons or more in the State of Missouri, is a For Profit Business incorporated, organized, and existing under the laws of the State of Maryland which is registered as a Foreign For Profit Business doing business in Saint Louis County, Missouri, and may be served by and through its Registered Agent, C T Corporation System, located at 120 South Central Avenue, Suite 400, Clayton, Missouri 63105.

## FACTS RELEVANT TO ALL COUNTS

18.     Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

19.     In June of 1979, Plaintiff was hired by Defendant Meridian.

20.     Most recently, Plaintiff has been employed as a Production Mechanic for Defendant Meridian at its Brentwood location.

21.     Plaintiff is still employed as a Production Mechanic with Defendant Meridian.

22.     Currently, Plaintiff's direct supervisor is the Technical Services Supervisor, Mr. Joe Hamm (hereinafter "Joe Hamm" or "Mr. Hamm").

23.     Additionally, the Manager of Technical Services, whom Mr. Hamm reports to, is Mr. Brian Tappendorf (hereinafter "Brian Tappendorf" or "Mr. Tappendorf").

24.     For much of the underlying events, Mr. Jim Thomas (hereinafter "Jim Thomas" or "Mr. Thomas") was in a leadership capacity over Defendant's mechanics, either directly over

Electronically Filed - St Louis County - December 22, 2022 - 04:21 PM

Plaintiff or indirectly, and had great influence with others.

25.    Mr. Thomas is Caucasian.

26.    Mr. Tappendorf is Caucasian.

27.    Mr. Hamm is Caucasian.

28.    As the managers, and as Plaintiff's supervisor, Mr. Hamm and Mr. Tappendorf each acted as an agent, servant, or employee of Meridian, and acted within the course and scope of their employment with Meridian.

29.    As a manager, Mr. Thomas acted as an agent, servant, or employee of Meridian, and acted within the course and scope of their employment with Meridian.

30.    Mr. Thomas, as a member of Meridian's leadership team at its Brentwood location, subjected Plaintiff to race-based discrimination from on or about December 2018, and on a continuing basis through the present.

31.    Mr. Thomas, as a member of Meridian's leadership team at its Brentwood location, as well as Mr. Hamm and Mr. Tappendorf, subjected Plaintiff to age-based discrimination from on or about December 2018, and on a continuing basis through the present.

32.    Mr. Thomas, as a member of Meridian's leadership team at its Brentwood location, subjected Plaintiff to color-based discrimination from on or about December 2018, and on a continuing basis through the present.

33.    On or about June of 2019, Plaintiff notified Mr. Tappendorf, Mr. Hamm, and Defendant Meridian's Human Resources ("HR") representative of Mr. Thomas's discriminatory behavior ("HR Complaint").

34.    After Plaintiff made his HR Complaint, Mr. Thomas's behavior toward Plaintiff

5

Electronically Filed - St Louis County - December 22, 2022 - 04:21 PM

only worsened creating a hostile work environment.

35.     Plaintiff is 62 years of age.

36.     Plaintiff is an African-American Male.

37.     Plaintiff is Black.

38.     Plaintiff has worked for Meridian for over forty (40) years.

39.     Until recently, Meridian offered its mechanics an Incentive Program which follows a specific progression based on an employee's knowledge and demonstrated skills (hereinafter "Incentive Program").

40.     The Incentive Program rewards mechanics with a higher rate of pay for advancing their own training.

41.     The Incentive Program specifically provided for a pay raise for mechanics who received training, and whose training was confirmed by management, on the Auto-Injector Filling Machine ("AIFM").

42.     Despite Plaintiff's being the senior-most employee within Meridian's Brentwood campus, he did receive adequate training on the AIFM.

43.     Because Plaintiff had not received adequate training on the AIFM, he did not qualify for the Incentive Program pay raise.

44.     In order to take advantage of the Incentive Program, Plaintiff requested on numerous occasions to be trained on the AIFM.

45.     Over the years, Plaintiff has continuously made several requests for training on the AIFM in order to take advantage of the Incentive Program.

Electronically Filed - St Louis County - December 22, 2022 - 04:21 PM

46.    Plaintiff was promised by some in management, as well as HR, that he is entitled to and would be trained on the AIFM at a future date.

47.    At the time of filing his COD, Plaintiff received training on the AIFM on an inconsistent basis, making it nearly impossible for Plaintiff to complete his training.

48.    At the same time Plaintiff was requesting opportunities to train on the AIFM, others with less tenure were provided the opportunity and completed the training process earning the extra compensation.

49.    Upon information and belief, the other above-referenced employees were Caucasian.

50.    Upon information and belief, the other above-referenced employees were not Black.

51.    Upon information and belief, most if not all of the other above-referenced employees were under the age of 40 years.

52.    Plaintiff has complained of the apparent difference in treatment between himself and other employees to not only his direct supervisors, Mr. Hamm and Mr. Tappendorf, but also to Meridian's HR department and through the filing of a grievance with Plaintiff's union.

53.    After each such complaint has been made, Plaintiff has been the recipient of additional discriminatory behavior by Mr. Thomas either directly, or indirectly.

54.    Upon information and belief, Mr. Thomas has provided to other decision makers erroneous and misleading information about Plaintiff, Plaintiff's character and Plaintiff's work ability.

55.    Mr. Thomas has gone out of his way, especially considering that he is not

Electronically Filed - St Louis County - December 22, 2022 - 04:21 PM

Plaintiff's direct supervisor, to give Plaintiff a hard time, including any time Mr. Thomas sees Plaintiff working on anything of value when he remarks, "Who told you to do that?  That's not your job."

56.    Mr. Thomas has been able to continue his belittling treatment of Plaintiff for years, resulting in Plaintiff's having not been able to work any jobs that utilize his education and knowledge and being assigned only menial jobs instead.

57.    Another example of Mr .Thomas' overzealous focus on Plaintiff and Plaintiff's work occurred on or about December 23, 2020, when Mr. Bruce, the Third Shift Supervisor, wanted someone to go look at Room 96/105 because the Clean Room pressure was out of specification.

58.    In response to Mr. Bruce's request, Plaintiff went into room 96 and closed the vents manually because the adjustments were broken and Plaintiff finished adjustments. This is an issue Plaintiff had earlier informed Mr. Thomas about to which Mr. Thomas seemed nonchalant about it as it was coming from Plaintiff.

59.    While Plaintiff was still in the locker room, Mr. Nathan Keller and Ms. Shannon Patterson asked Plaintiff  if he had been to room 96, to which Plaintiff confirmed he had and explained about the broken vent adjustment and that Plaintiff had to manually adjust it and it should be in specification now.

60.    Mr. Keller informed me that he let Mr. Thomas know that Plaintiff was over there addressing the issue, but Mr. Thomas insisted that Mr. Keller and Ms. Patterson head over there anyway.

61.    Afterwards, Mr. Keller informed Plaintiff that Mr. Keller did not have to make

Electronically Filed - St Louis County - December 22, 2022 - 04:21 PM

any adjustments to Plaintiff's work because the room pressure was in specification.

62.     Upon information and belief, Mr. Thomas only sent Mr. Keller and Ms. Patterson, both of whom are Caucasian, over to check on my work due to my race or color.

63.     Mr. Thomas is not in the habit of having other employees check the work of other mechanics who are Caucasian.

64.     Plaintiff was treated by the Defendant differently from his  other coworkers due to his race because of Mr. Thomas' conduct directed toward Plaintiff, as more fully described above.

65.     Plaintiff was treated by the Defendant differently from his  other coworkers due to his color because of Mr. Thomas' conduct directed toward Plaintiff, as more fully described above.

66.     Plaintiff was treated by the Defendant differently from his  other coworkers due to his age because of the conduct of Mr. Thomas, Mr. Hamm, and Mr. Tappendorf directed toward Plaintiff in connection with his not receiving adequate opportunities to train on the AIFM, as more fully described above.

67.     From the date of December 2018, Defendant treated Plaintiff differently because of his race, color, and/or age.

68.     Throughout his career with Meridian, Plaintiff's efforts and work product were viewed favorably and valued by Defendant Meridian and met Meridian's job expectations.

69.     The above-described conduct of the Defendant toward Plaintiff was motivated by Plaintiff's race, color, and/or age.

70.     Plaintiff has yet to receive a pay raise for completing the Incentive Program and

Electronically Filed - St Louis County - December 22, 2022 - 04:21 PM

the AIFM training, despite his continuous request for opportunities to complete the training.

71.     Because Plaintiff has not been given a fair opportunity to earn the pay raise associated with training on the AIFM through the Incentive Program, Plaintiff's wages have been unfairly reduced resulting in lost wages.

72.     The compensation, terms, conditions, and privileges of Plaintiff's employment were affected by Defendant's unlawful conduct as more fully described above.

73.     Plaintiff has experienced emotional trauma, pain and suffering, and emotional distress as a direct result of the race-based, color-based, and age-based behavior and treatment by Defendant of Plaintiff from the date of December 2018 through the present.

74.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained, and will continue to sustain, lost wages and benefits.

75.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, emotional distress.

76.     As a direct and proximate result of Defendant's actions, Plaintiff has incurred, and will continue to incur, attorneys' fees and costs of litigation.

77.     The actions of Defendant, by and through its supervisor, were outrageous because of Defendant's evil motive or reckless indifference to the rights of others, and an award of  punitive damages against Defendant is warranted in order to punish Defendant, and to deter others from like conduct.

**COUNT I**
**RACE DISCRIMINATION IN VIOLATION OF THE**
**MISSOURI HUMAN RIGHTS ACT**

78.     Plaintiff realleges and incorporates herein by reference each and every of the

Electronically Filed - St Louis County - December 22, 2022 - 04:21 PM

preceding allegations of this Petition as if fully set forth herein.

79.     Defendant Meridian treated Plaintiff differently than other employees and failed to provide Plaintiff with a fair opportunity to train on the AIFM and qualify for a raise in pay under the Incentive Program.

80.     Defendant Meridian discriminated against Plaintiff based on his race because of the race-based conduct described  in paragraphs 18 through 77 in violation of the Missouri Human Rights Act.

81.     Plaintiff's race was a motivating factor in such decision to treat him differently Defendant Meridian treated Plaintiff differently than other employees and failed to provide Plaintiff with a fair opportunity to train on the AIFM and qualify for a raise in pay under the Incentive Program.

82.     Defendant Meridian's actions constitute an  unlawful employment practice and a violation of Plaintiff's rights under § 213.055 RSMo.

83.     Defendant Meridian's conduct was willful, wanton, and malicious.

84.     As a direct result of such conduct, Plaintiff sustained damage.

WHEREFORE, Plaintiff, Mr. Nelson Brown, respectfully requests judgment in his favor against Defendant Meridian for pain and suffering and compensatory and punitive damages in an amount in excess of $25,000.00, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

Electronically Filed - St Louis County - December 22, 2022 - 04:21 PM

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF THE
## <u>MISSOURI HUMAN RIGHTS ACT</u>

85.     Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

86.     Defendant Meridian treated Plaintiff differently than other employees who were more favorably treated, Defendant Meridian treated Plaintiff differently than other employees and failed to provide Plaintiff with a fair opportunity to train on the AIFM and qualify for a raise in pay under the Incentive Program.

87.     Defendant Meridian discriminated against Plaintiff based on his age because of the age-based conduct described  in paragraphs 18 through 77 in violation of the Missouri Human Rights Act.

88.     Plaintiff's age was a motivating factor in such decision to treat him differently and Defendant Meridian treated Plaintiff differently than other employees and failed to provide Plaintiff with a fair opportunity to train on the AIFM and qualify for a raise in pay under the Incentive Program.

89.     Defendant Meridian's actions constitute an  unlawful employment practice and a violation of Plaintiff's rights under <u>§ 213.055 RSMo.</u>

90.     As a direct result of such conduct, Plaintiff sustained damage.

WHEREFORE, Plaintiff, Mr. Nelson Brown, respectfully requests judgment in his favor against Defendant Meridian for pain and suffering and compensatory damages in an amount in excess of $25,000.00, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper

Electronically Filed - St Louis County - December 22, 2022 - 04:21 PM

under the circumstances.

## COUNT III
## COLOR DISCRIMINATION IN VIOLATION OF THE
## MISSOURI HUMAN RIGHTS ACT

91.    Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

92.    Defendant Meridian treated Plaintiff differently than other employees and Defendant Meridian treated Plaintiff differently than other employees and failed to provide Plaintiff with a fair opportunity to train on the AIFM and qualify for a raise in pay under the Incentive Program.

93.    Defendant Meridian discriminated against Plaintiff based on his color because of the color-based conduct described  in paragraphs 18 through 77 in violation of the Missouri Human Rights Act.

94.    Plaintiff's color was a motivating factor in such decision to treat him differently Defendant Meridian treated Plaintiff differently than other employees and failed to provide Plaintiff with a fair opportunity to train on the AIFM and qualify for a raise in pay under the Incentive Program.

95.    Defendant Meridian's actions constitute an  unlawful employment practice and a violation of Plaintiff's rights under § 213.055 RSMo.

96.    Defendant Meridian's conduct was willful, wanton, and malicious.

97.    As a direct result of such conduct, Plaintiff sustained damage.

WHEREFORE, Plaintiff, Mr. Nelson Brown, respectfully requests judgment in his favor against Defendant Meridian for pain and suffering and compensatory and punitive damages in an amount in excess of $25,000.00, together with pre- and post-judgment interest, plus costs of this

Electronically Filed - St Louis County - December 22, 2022 - 04:21 PM

action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

**COUNT IV**
**RACE DISCRIMINATION IN VIOLATION OF THE**
**TITLE VII OF THE CIVIL RIGHTS ACT**

98.    Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

99.    Plaintiff suffered an adverse employment action because of the race-based conduct by Defendant Meridian described in paragraphs 18 through 77.

100.    Any purported reasons that Defendant Meridian might offer for these actions is nothing but pretext to conceal Defendant Meridian's illegal discrimination against Plaintiff.

101.    All actions or inactions of or by Defendant Meridian occurred by or through its agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

102.    Plaintiff's race was a motivating factor in such behavior as above-described.

103.    Defendant Meridian's actions constitute an unlawful employment practice and violation of Plaintiff's rights under Title VII, as secured by 42 U.S.C. § 2000(e) *et seq.*

104.    As a direct and proximate result of the acts of Defendant Meridian as alleged herein, Plaintiff has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

WHEREFORE, Plaintiff, Mr. Nelson Brown, respectfully requests judgment in his favor against Defendant Meridian for pain and suffering and compensatory and punitive damages in

Electronically Filed - St Louis County - December 22, 2022 - 04:21 PM

an amount in excess of $25,000.00, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

## COUNT V
## COLOR DISCRIMINATION IN VIOLATION OF THE TITLE VII OF THE CIVIL RIGHTS ACT

105.    Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

106.    Plaintiff suffered an adverse employment action because of the color-based conduct by Defendant Meridian described in paragraphs 18 through 77.

107.    Any purported reasons that Defendant Meridian might offer for these actions is nothing but pretext to conceal Defendant Meridian's illegal discrimination against Plaintiff.

108.    All actions or inactions of or by Defendant Meridian occurred by or through its agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

109.    Plaintiff's color was a motivating factor in such behavior as above-described.

110.    Defendant Meridian's actions constitute an unlawful employment practice and violation of Plaintiff's rights under Title VII, as secured by 42 U.S.C. § 2000(e) *et seq.*

111.    As a direct and proximate result of the acts of Defendant Meridian as alleged herein, Plaintiff has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

WHEREFORE, Plaintiff, Mr. Nelson Brown, respectfully requests judgment in his favor

Electronically Filed - St Louis County - December 22, 2022 - 04:21 PM

against Defendant Meridian for pain and suffering and compensatory and punitive damages in an amount in excess of $25,000.00, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

**COUNT VI**
**AGE DISCRIMINATION IN VIOLATION OF THE**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**

112.    Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

113.    Plaintiff was meeting the job role expectations of Defendant Meridian.

114.    Defendant Meridian treated Plaintiff differently than other employees who were treated more favorably, Defendant Meridian treated Plaintiff differently than other employees and failed to provide Plaintiff with a fair opportunity to train on the AIFM and qualify for a raise in pay under the Incentive Program.

115.    Defendant Meridian discriminated against Plaintiff based on his age because of the age-based conduct described  in paragraphs 18 through 77 in violation of the ADEA.

116.    Plaintiff's age was a motivating factor in such decision to treat him differently and Defendant Meridian treated Plaintiff differently than other employees and failed to provide Plaintiff with a fair opportunity to train on the AIFM and qualify for a raise in pay under the Incentive Program.

117.    Defendant Meridian's actions constitute an  unlawful employment practice and a violation of Plaintiff's rights under the Age Discrimination in Employment Act, as secured by 29 U.S.C. § 621 *et seq.*

118.    As a direct result of such conduct, Plaintiff sustained damage.

WHEREFORE, Plaintiff, Mr. Nelson Brown, respectfully requests judgment in his favor against Defendant Meridian for pain and suffering and compensatory damages in an amount in excess of $25,000.00, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

Respectfully Submitted,

By: */s/ Anthony S. Bretz*
Anthony S. Bretz, #61075
BRETZ LEGAL, LLC
222 S. Central Ave., Ste. 1004
Clayton, MO 63105
Phone: (314) 730-0394
Fax: (314) 785-6500
Email: tbretz@bretzlegal.com
*Counsel For Plaintiff*